STATE of Maine

v.

John CORMIER.

Supreme Judicial Court of Maine.

May 17, 1976.

David M. Cox, Dist. Atty., Eugene C. Beaulieu, Paul W. Chaiken, Asst. Dist. Attys., Bangor, for plaintiff.

William E. Macdonald, Bangor, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

Defendant John Cormier was indicted on September 6, 1974 in the Superior Court (Penobscot County) on a charge of having violated 22 M.R.S.A. § 2212–C in that

". . . on or about the 23rd day of August, 1974, in . . . Bangor . . . [defendant] did unlawfully sell d-lysergic acid diethylamide, (LSD–25) to one Wayne Viger."

A jury found defendant guilty as charged, and defendant has appealed from the judgment of conviction entered on the verdict.

We deny the appeal.

Defendant's first point on appeal is that the Justice presiding in the Superior Court erred in refusing to grant defend-

ant's timely motion for a dismissal of the indictment. Defendant had moved to dismiss the indictment on the ground that both the defendant and the undercover agent to whom defendant had sold believed that defendant was selling the contraband substance mescaline rather than that charged in the indictment, LSD–25. Such contention relates to the sufficienty of the *proof* of the crime charged and is not a valid ground to support a motion to dismiss the indictment since the function of such motion is to test the indictment as a sufficient *charge* of crime and has nothing to do with whether a crime sufficiently charged is sufficiently proved. The presiding Justice acted correctly in denying defendant's motion to dismiss the indictment.

At trial, defendant preserved his claim directed to the sufficiency of the proof of the crime charged against him by moving, at the conclusion of all the evidence, for judgment of acquittal. The presiding Justice denied the motion. On appeal, defendant claims error in this ruling.

Defendant's contention is that since the evidence plainly shows that the defendant and the undercover agent to whom defendant had made the sale both believed that the narcotic substance being sold was mescaline rather than the LSD–25 which was in fact sold, defendant cannot be guilty of having made a sale of LSD–25.

 *State v. Clapp*, Me., 335 A.2d 897 (1975) decided this issue against defendant's contention. *Clapp* held that the subjective state of mind necessary to establish defendant's "sale", in legal contemplation, of any particular narcotic drug which

defendant in fact has sold is only a belief by defendant that he was making a sale of "a substance 'narcotic' in 'character' "; it is not requisite that the State prove that defendant

". . . also entertain[ed] a belief as to the exact identity of the drug being sold and that statute prohibits the sale of it as such a particularly identified drug."

Under this principle the proof in the instant case was sufficient to establish defendant's guilt of the charge against him.[1]

Defendant nevertheless seeks to exclude the instant case from the governing scope of the *Clapp* principle. By a third point on appeal defendant maintains that however valid that principle may be in general, it becomes unconstitutional as applied if held controlling in the present situation. Defendant adverts to the mandatory imprisonment prescribed as the punishment for selling LSD–25 (22 M.R.S.A. § 2212–E) but not for selling mescaline (22 M.R.S.A. § 2384). Defendant argues that since he believed he was selling mescaline and thus his subjective state of mind was of a lesser degree of blameworthiness under the Legislature's standards of punishment, it is a violation of due process of law, as constitutionally prescribed, to subject defendant to the punishment of mandatory imprisonment on the basis of the objective circumstance that he in fact sold LSD–25.

 Defendant's argument is unconvincing. It is plainly not a violation of due process of law (and defendant does not otherwise contend) to *define* criminality in relation to the "selling" of narcotic substances by use of the principle enunciated in *State v. Clapp* to delineate the meaning

---

1. In his charge to the jury the presiding Justice saw fit to place a heavier burden on the State than is required under *State v. Clapp*, supra. He instructed the jury that the State ". . . has to prove . . . beyond a reasonable doubt, . . . that John Cor-

mier knowingly, [and] intentionally sold LSD–25." This error, however, is nothing of which defendant can complain since it gave him more than the law entitles him to have and had no independent tendency to mislead the jury in any way injurious to defendant.

of a "sale" as one essential element of the crime. Thus, the due process of law argument of defendant can have relevance only as being directed to punishment policy. In the punishment context legislative reliance on objective considerations—the narcotic substance in fact "sold",—rather than subjective factors—defendant's belief as to the identity of the narcotic substance in fact sold,—as the criterion determinative of whether imprisonment shall be a mandatory punishment, is not arbitrary but has rational relationship to legitimate penological interests of the State and, therefore, conforms to due process of law.

The entry is:

*Appeal denied.*

DELAHANTY, J., sat at argument but did not participate further in the case.

All Justices concurring.