**STATE of Maine**

v.

**John C. CHRISTIANSON.**

Supreme Judicial Court of Maine.

March 29, 1978.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Jerome Goldsmith (orally), Bangor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

PER CURIAM.

On February 8, 1977, defendant John C. Christianson was indicted in the Superior Court (Penobscot County) for the offense of trafficking in phencyclidine in violation of 17–A M.R.S.A. § 1103. In a jury trial defendant was found guilty as charged. We deny defendant's appeal from the judgment of conviction.

Count I of the indictment[1] charged:

"That on or about the 23rd day of January, 1977, in the County of Penobscot, State of Maine, John C. Christianson did knowingly traffic in what he knew or believed to be a scheduled drug, to wit, phencyclidine, being a scheduled X drug."

The presiding Justice instructed the jury that the State was required to prove only that defendant knew or believed that he was trafficking in an unlawful scheduled drug and did not have to prove that defendant knew its exact identity.

Acknowledging that § 1103 itself does not require the State to allege or prove that the defendant had knowledge of the exact identity of the unlawful scheduled drug, see *State v. Cormier*, Me., 357 A.2d 530 (1976); *State v. Clapp*, Me., 335 A.2d 897 (1975); defendant contends that, here, because of the particular language in which the indictment made the charge against defendant, the State was obliged to prove defendant had knowledge of the exact identify of the unlawful scheduled drug.

Defendant's argument is that since the indictment uses the phrase "to wit, phencyclidine" immediately after the accusation that defendant "did knowingly traffic in what he knew or believed to be a scheduled drug", the indictment purports to charge that defendant knew, or believed, that the drug in which he was trafficking was phencyclidine. We disagree. The indictment's reference to phencyclidine is properly interpreted as merely identifying the unlawful scheduled drug in which defendant had in fact trafficked, thereby to state the elements of the crime as defined by statute. In view of the prior case law which made clear that it was not an element of the crime charged that the defendant have knowledge of the exact identity of the unlawful drug, the presiding Justice correctly concluded that the State had no obligation to prove that defendant knew, or believed, that the drug he was trafficking in was phencyclidine.

The entry is:

*Appeal denied.*

*Judgment affirmed.*

DELAHANTY, J., did not sit.

[1.] The indictment contained three other counts charging crimes of which defendant was also convicted. Defendant's appeal is directed only at his conviction under Count I.